# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **KEVIN McCAY,** | ) |
| **Plaintiff,** | ) |
| v. | ) Case No.: 4:08-CV-1978-VEH |
| **DRUMMOND COMPANY, INC.,** | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION

### I.   INTRODUCTION AND PROCEDURAL HISTORY

The Court has before it Plaintiff, Kevin McCay's ("McCay") Motion to Remand to Plan Administrator (Doc. 8), in which he seeks to remand this ERISA case to his Plan administrator, Defendant Drummond Company, Inc. ("Drummond"), for consideration of additional evidence in support of his disability. For reasons discussed below, the Court finds that it is vested with the discretion to remand this case, and it accordingly exercises that discretion in determining that the Motion to Remand is due to be **GRANTED**.

This case was filed by McCay in the Circuit Court of Etowah County, Alabama, on September 29, 2008, and Drummond removed the case on October 24,

2008. (Doc. 1.) In his Complaint, McCay alleged that he had received a favorable award of Social Security benefits, and that Drummond was under a continuing duty to consider new evidence of disability. (Doc. 1, Ex. 1, Compl. at ¶¶ 1-9.) Shortly after removing the case to federal court, Drummond filed a Motion to Dismiss, which the Court denied without prejudice upon a finding that the motion relied upon documents outside of the pleadings that were not appropriately before the Court.[1] (Doc. 12.) McCay then filed his Motion to Remand to Plan Administrator. (Doc. 8.) The motion to remand is now under submission.

## II.   STANDARD FOR REMAND

The general rule in the Eleventh Circuit is that "'a court should not resolve the eligibility question on the basis of evidence never presented to [as ERISA plan's administrator] but should remand to the [administrator] for a new determination.'" *Jett v. Blue Cross Blue Shield*, 890 F.2d 1137, 1140 (11th Cir. 1989) (citations omitted). At the same time, there are exceptions to this rule. "We do not agree, however, that a remand to the plan administrator is appropriate in every case, *see Quesinberry* [*v. Life Ins. Co. of N. Am.*], 987 F.2d [1017,] 1025 n.6 [(4th Cir. 1993)], nor do we agree that our own precedent dictates that remand is appropriate in every

---

[1] The Court was under the impression that, as the motion was denied without prejudice, Drummond would simply refile the motion as a motion for summary judgment and attach the necessary administrative record. However, the motion has not been refiled, and the Court now takes the Motion to Remand under submission.

case." *Levinson v. Reliance Standard Life Ins. Co.*, 245 F.3d 1321, 1330 (11th Cir. 2001).

A court's decision whether to remand a case to an administrator under ERISA is discretionary. *Levinson*, 245 F.3d at 1328 (framing review of remand issue as whether district court erred). This means a ruling denying or granting a motion to remand will be reviewed for abuse of discretion. *Id.*; *see also Davidson v. Prudential Ins. Co. of Am.*, 953 F.2d 1093, 1095 (8th Cir. 1992) (cited in *Levinson* and analyzing remand decision under abuse of discretion standard).

## III. ANALYSIS

### A. Disability Claim History

McCay worked for Drummond for nearly twenty years before seeking disability under the Social Security Act and Drummond's pension plan in October, 2004. On February 11, 2005, Drummond denied McCay's application for pension disability and, around the same time period, McCay was also denied SSA disability. McCay appealed the SSA decision and received a favorable determination, with an onset date of June 15, 2004. McCay submitted the decision as new evidence of disability, along with additional evidence confirming total disability from two physicians, but Drummond denied benefits because the submission was not within 180 days of the denial of benefits. McCay filed this case based on his belief that Drummond has a

continuing duty to consider additional evidence of disability.

### B.     Considerations Relating to Motion to Remand

McCay relies heavily on the Eleventh Circuit's decision in *Shannon v. Jack Eckerd Corp.*, 113 F.3d 208 (11th Cir. 1997) in arguing that "the administrator always has the duty to examine new evidence of disability." (Doc. 8 at 1.)  In *Shannon*, the Plaintiff filed an action under ERISA after his employer denied his request for preauthorization of benefits under an employee group health plan. *Id.* at 209.  The plaintiff had originally sought a simultaneous kidney/pancreas transplant, for which his plan administrator denied coverage.  *Id.*  The district court found that the administrator had not considered all of the relevant evidence and remanded the case to the administrator for a determination based on all relevant evidence, including that which was available subsequent to the administrative determination. *Id.* at 210.  The defendant appealed the order, but it was dismissed for want of jurisdiction. *Id.* at 210, n. 2.  On remand, the administrator again denied coverage, and the plaintiff filed suit in federal court for a second time.  *Id.* at 210.  In this iteration of the case, the district court entered final judgment in favor of the plaintiff. *Id.*  Now having a final order, the defendant appealed to the Eleventh Circuit, challenging both the prior remand and the finding in favor of the plaintiff.  *Id.*  Writing on the issue of the remand, the court wrote:

> Nor can we say that the district court erred in directing the Plan administrator to consider subsequently available evidence. The district court relied on *Bucci v. Blue Cross-Blue Shield of Conn.*, 764 F. Supp. 728, 732 (D. Conn. 1991), holding that since a defendant's duty to provide benefits "is a continuing one, its refusal to provide benefits is thus a continuing denial, the propriety of which is measured against the information available from time to time." Eckerd's Plan administrator had an obligation to make a reasonably relevant inquiry and failed to do so at the time of the original determination. The district court did not err in directing that the Plan administrator consider all available evidence. As we stated in *Jett*, "<u>Should [the beneficiary] wish to present additional information that might affect the determination of eligibility for benefits, the proper course would be to remand to [the plan administrator] for a new determination</u>." 890 F.2d at 1140. Accordingly, we AFFIRM.

*Shannon*, 113 F.3d at 210 (emphasis added).

Drummond argues that *Shannon* does not apply to the current facts, because in *Shannon*, the district court remanded the claim to the plan administrator only after finding that the underlying decision was arbitrary and capricious. (Doc. 10 at 13-14.) Further, it argues that the Eleventh Circuit has distinguished *Shannon* in subsequent decisions such as *Levinson v. Reliance Standard Life Ins. Co.*, 245 F.3d 1321 (11th Cir. 2001). (*Id.*)

Drummond is correct in contending that the Eleventh Circuit distinguished *Shannon* in *Levinson*.

> In *Shannon*, after affirming the district court's decision that a claim decision was arbitrary and capricious, we also affirmed the district court's decision to remand to the plan administrator. *See Shannon*, 113 F.3d at 210. But, the facts in *Shannon* are distinguishable from

> the facts in the instant case. In *Shannon*, the plan administrator relied only upon a conclusory recommendation of denial from its medical consultant and the denials of other insurance companies in deciding that a pancreas transplant was investigational. The district court ruled that the decision was arbitrary and capricious and ordered a remand so the plan administrator could consider additional evidence that the beneficiary wanted to present. *See id.* In Levinson's case, Reliance-not the beneficiary-wanted a remand to consider evidence that would tend to show Levinson was not disabled.
>
> We find persuasive the Eighth Circuit's reasoning in *Davidson v. Prudential Ins. Co. of America*, 953 F.2d 1093 (8th Cir.1992). In that case, Davidson contended that the district court erred in refusing to remand the case to the plan administrator to consider a vocational report and a psychiatrist's report prepared after litigation had commenced. *See id.* at 1095. The district court refused to remand, because "if Davidson believed the evidence he now offers was necessary for Prudential to make a proper benefits determination, Davidson should have obtained this evidence and submitted it to Prudential." *Id*. We find that this reasoning should apply with equal force to the insurance company as to the beneficiary. Reliance had more than adequate opportunities to establish an administrative record containing evidence contradicting Levinson's evidence pointing to disability on two occasions: when it first considered Levinson's claim and upon Levinson's administrative appeal. Reliance did not do this. It was not until after litigation commenced that Reliance obtained evidence contradicting Levinson's evidence that he was disabled under the policy. Therefore, the district court's refusal to remand the issue of Levinson's eligibility for benefits to Reliance should be upheld.

245 F.3d at 1328.

*Levinson* does not overrule *Shannon*, and Drummond has not argued this point.

Instead, *Levinson* stands for the general proposition that <u>declining to remand</u> to a

6

claims administrator in an ERISA case is a discretionary decision and may not constitute an abuse of discretion under certain circumstances.  *Levinson* does not discuss the circumstances whose existence would cause a decision <u>granting</u> a request to remand to be an abuse of discretion.  Indeed, it is not even clear from the opinion in *Levinson* whether the Eleventh Circuit would have conversely found a decision <u>granting</u> remand to be error there.  Instead, what is evident from *Levinson* is that it is an atypical case and an example of an exception to the general rule favoring remand when new evidence is at issue.  *Id.*, 245 F.3d at 1330 ("We find that this case is an <u>unusual one</u>, in which the general rule of remand is neither appropriate nor necessary.") (emphasis added).

Moreover, neither side's briefing identifies (nor has the court been able to independently locate) a <u>reported</u>[2] Eleventh Circuit decision in which the reasoning in *Davidson* (as applied to an insurer in *Levinson*) has since been extended to a claimant who seeks to remand on the basis of new evidence developed during the course of litigation.  While *Levinson* certainly implies that denial of a motion to remand would not be an abuse of discretion under such circumstances, at the same

---

[2]Unpublished decisions by the Eleventh Circuit are neither binding on it nor on this court.  *See Baker v. Birmingham Board of Education*, 531 F.3d 1336, 1337 (11th Cir. 2008) ("[B]ecause *Palmer* is an unpublished decision, it is not binding precedent.") (citing *Twin City Fire Ins. Co., Inc. v. Ohio Cas. Ins. Co., Inc.*, 480 F.3d 1254, 1260 n.3 (11th Cir. 2007); 11th Cir. Rule 36-2)). Therefore, such opinions are comparable to decisions issued by other district courts and are, at most, only persuasive authority.

time the opinion does not require such an outcome.  Therefore, with this latitude, the court, in its discretion, determines that remand in this case is preferable, given the circumstances of this case and *Jett'*s general rule favoring remand when a plaintiff seeks to present new evidence.

Remand is appropriate in this instance for several reasons.  First, McCay's additional evidence was submitted <u>before</u> the litigation was initiated.  This makes the current facts further distinguishable from *Levinson*, where the insurer submitted additional information only after the litigation began. *See* 245 F.3d at 1328.  Second, this is a relatively new case, and has not been consuming the parties' resources for several years (or months for that matter).  *See Johnson v. Hartford Life & Accident Ins. Co.*, No. 4:07-CV-2203-VEH, slip op. at 10 (N.D. Ala. July 31, 2008) (considering whether a case was relatively new as a factor in remanding a case). Additionally, McCay's award of Social Security benefits is a relevant, though not dispositive, question in determining benefits in an ERISA case, and the decision sets his disability onset date at a time prior to Drummond's denial of benefits.  *See Paramore v. Delta Air Lines, Inc.*, 129 F.3d 1446, 1452 n. 5 (11th Cir. 1997) ("Although a court may consider this information in reviewing a plan administrator's decision regarding eligibility for benefits under an ERISA-governed plan, an award of benefits by the Social Security Administration is not dispositive of the issue before

us.") (citations omitted).  Similarly, reports of total disability from McCay's physicians would also be relevant in determining McCay's disability *vel non* status. Next, Eleventh Circuit case law indicates that, in an arbitrary and capricious review of a plan administrator's decision, it is inappropriate to consider evidence outside of the administrative record. *See Glazer v. Reliance Standard Life Ins. Co.*, 524 F.3d 1241, 1246 (11th Cir.2008); *but see Kirwan v. Marriott Corp.*, 10 F.3d 784, 789 (11th Cir.1994) ("[A] district court conducting a *de novo* review of an Administrator's benefits determination is not limited to the facts available to the Administrator at the time of the determination."). Finally, acknowledging ERISA's competing congressional purposes as recognized by the Supreme Court in *Varity Corp. v. Howe*, 516 U.S. 489 (1996), a remand is not so burdensome for Drummond, such that it outweighs the equally compelling considerations applicable to "enhanced protection for" employees, such as McCay, who apply for benefits covered under a work-related policy of insurance. *Id.* at 497 ("[C]ourts may have to take account of competing congressional purposes, such as Congress' desire to offer employees enhanced protection for their benefits, on the one hand, and, on the other, its desire not to create a system that is so complex that administrative costs, or litigation expenses, unduly discourage employers from offering welfare benefit plans in the first place.").

## IV.  CONCLUSION

In light of the above, the Court finds that the Plaintiff's Motion to Remand to Plan Administrator is due to be **GRANTED**.  Although remand is not appropriate in every case, the Court exercises its discretion to remand based on the facts before the Court.  An order consistent with this memorandum opinion will be entered.

**DONE** and **ORDERED** this the 2nd day of March, 2009.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge