FILED
2010 Aug-16 PM 02:52
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **KEVIN McCAY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.: 2:08-CV-1978-VEH |
| | ) |
| **DRUMMOND COMPANY, INC.,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION

### I.   INTRODUCTION AND PROCEDURAL HISTORY

Before the Court is the Plaintiff's Motion to Reinstate Claim (Doc. 20), in which the Plaintiff, Kevin McCay (hereinafter "McCay"), seeks to reopen his ERISA case based upon his assertion that he has fully exhausted his administrative remedies. This Court remanded this case on March 2, 2009, after McCay moved to remand the case to the Plan Administrator, Defendant Drummond Company, Inc. ("Drummond"), so that McCay could present additional evidence in support of his disability claim. For the reasons discussed below, the Court finds that the Motion to Reinstate Claim should be **GRANTED**.

McCay filed this case in the Circuit Court of Etowah County, Alabama, on September 23, 2008.  (Doc. 1, Ex. 1).  Drummond removed the case to this Court on

October 24, 2008, based upon federal question jurisdiction. (Doc. 1). Soon thereafter, on October 31, 2008, Drummond filed a motion to dismiss. (Doc. 2). On November 11, 2008, McCay filed his motion to remand the case to the Plan Administrator. (Doc. 8). On the same day, McCay filed a response to Drummond's motion to dismiss. (Doc. 9). On December 4, 2008, the Court denied Drummond's motion to dismiss without prejudice, finding that "the motion relied upon documents outside of the pleadings that were not appropriately before the Court." Mem. Op. 2, Doc. 16. On March 2, 2009, the Court granted McCay's motion to remand, finding that remand was appropriate for a number of reasons, including that "McCay's additional evidence was submitted <u>before</u> the litigation was initiated"; (Mem. Op. 8, Doc. 16) the case was relatively new and the parties had not yet expended considerable resources; and because McCay's additional evidence, an award of social security benefits, was a relevant factor for making a determination regarding the award of benefits in his ERISA case. McCay now seeks to reopen his case.

## II.   ANALYSIS

McCay contends that his case should be reopened because the Court has not yet entered a final judgment. (Doc. 22 at 3). According to McCay, the Court continues to have jurisdiction following a remand to the Plan Administrator. (Doc. 22 at 4). Drummond contends that McCay's case should not be reopened, yet

"requests that this Court dismiss this action, with prejudice, because the Complaint fails to state a claim upon which relief can be granted." (Doc. 23 at 16).

This case is currently closed by order of the Court remanding the case to the Plan Administrator. The only motion before the Court at this point is McCay's motion to reopen the case. Thus, the only issue that is properly before the Court is whether the Court should reopen the case. As cited by McCay, the court in *Petralia v. AT&T Global Info. Solutions Co.*, 114 F.3d 352 (1st Cir. 1997) held as follows:

> Ordinarily implicit in a district court's order of remand to a plan fiduciary is an understanding that after a new decision by the plan fiduciary, a party seeking judicial review in the district court may do so by a timely motion filed in the same civil action, and is not required to commence a new civil action.

*Petralia*, 114 F.3d at 354. This Court remanded this case to the Plan Administrator to consider additional evidence provided by McCay. According to McCay, the plan administrator considered the evidence and denied his claim for benefits on June 11, 2010. (Doc. 20) Because the plan administrator has considered McCay's additional evidence, this case may be reopened, without the need for a filing a new civil action. Although Drummond seems to suggest that this Court should enter summary judgment in its favor, that motion is not before the Court. (Doc. 23 at 9, 16).

## III. CONCLUSION

In light of the above, the Court finds that the Plaintiff's Motion to Reinstate

Claim is due to be **GRANTED**.

**DONE** and **ORDERED** this the 16th day of August, 2010.

*/s/ Virginia Emerson Hopkins*
**VIRGINIA EMERSON HOPKINS**
United States District Judge